UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BARBARA JACKSON,

        Plaintiff,

vs.

Case No. 17-CV-10060
HON. GEORGE CARAM STEEH

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.
_____/

ORDER ACCEPTING MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION [DOC. 17]

This matter is before the court on the parties' cross-motions for summary judgment as to plaintiff Barbara Jackson's claim for judicial review of defendant Commissioner of Social Security's decision that she is not entitled to disability insurance benefits (DIB) or Supplemental Security Income (SSI) under the Social Security Act. On January 16, 2018, Magistrate Judge Stafford issued a report and recommendation recommending that plaintiff's motion for summary judgment be denied, that defendant's motion for summary judgment be granted. Objections to that report have been filed by plaintiff within the established time period. The

- 1 -

court has reviewed the file, record, and Magistrate Judge's report and recommendation, and now addresses plaintiff's objections.

Plaintiff raises two objections to the Magistrate Judge's recommendation that the ALJ's finding that plaintiff was not disabled under the Commissioner's five-step disability analysis was supported by substantial evidence. The first objection is that the ALJ's conclusion that plaintiff was not disabled because she had no medically determinable impairments that met the qualifications for a severe impairment at step two was improper. A severe impairment is "any impairment or combination if impairments which significantly limits your physical or mental ability to do basic work activities." 20 C.F.R. §§ 404.1520(c), 416.920(c). The severe impairment requirement at step two is a "de minimis hurdle" that serves to screen out groundless Social Security claims." *Higgs v. Bowen*, 880 F.2d 860, 862-63 (6th Cir. 1988). The claimant bears the burden of showing the severity of their medically determinable impairments. *Bowen v. Yuckert*, 482 U.S. 137, 146 (1987).

Plaintiff identifies several impairments as causing significant limitations in performing her work activities. Two of the identified impairments, vision loss and hypertensive retinopathy, were not claimed in

her initial brief and therefore cannot be raised for the first time in an objection to an R&R.  *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000).   The other impairments are a recitation of the same arguments plaintiff raised in her initial district court brief before the Magistrate Judge, as opposed to challenging part of the R&R.   See *Funderburg v. Comm'r of Soc. Sec.*, No. 15-10068, 2016 WL 1104466, at *1 (E.D. Mich. Mar. 22, 2016).

Even if the court considered plaintiff's reiteration of her previous argument, plaintiff only cites to her hearing testimony to support her argument that her impairments are severe.   However, to meet her burden of proof, plaintiff must present medical evidence of a severe impairment, which she has failed to do.   The ALJ considered plaintiff's subjective complaints and concluded that they were not substantiated with objective evidence.   The Magistrate Judge did not err in concluding that plaintiff did not sustain her burden of establishing a severe impairment.

Plaintiff's second objection concerns the Magistrate Judge's conclusion that the plaintiff's reliance on the ALJ's oral statement at the hearing is without merit.   At the hearing, the ALJ stated, "I'm going to grant your benefits back to the onset date of 2013.   Your attorney will explain to

you how that works, converting it to disability; okay?" Plaintiff contends that this oral statement is clearly inconsistent with the ALJ's final written decision denying benefits.

The Magistrate Judge discussed the applicable regulations, noting that 20 C.F.R. § 404.953(a) requires the ALJ to prepare a written decision, and 20 C.F.R. § 404.953(b) requires that if the ALJ enters a fully favorable oral decision into the record then the ALJ must also enter into the record an exhibit that sets forth the key data, findings of fact, and a narrative rational for the decision. The Magistrate Judge concluded that plaintiff failed to cite any statute, regulation or case mandating that the ALJ's written decision must be consistent with prior oral statements. Because the regulations are binding, the Magistrate Judge concluded that they support the conclusion that plaintiff's reliance on the oral statement during the hearing is without merit. This court agrees with the Magistrate Judge and overrules plaintiff's objection.

The ALJ's decision is supported by substantial evidence, and is therefore affirmed. Accordingly,

IT IS HEREBY ORDERED that the Magistrate Judge's report and recommendation is ACCEPTED.

IT IS FURTHER ORDERED that the Commissioner's motion for summary judgment is GRANTED.

IT IS FURTHER ORDERED that plaintiff's motion for summary judgment is DENIED.

Dated: February 27, 2018

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on February 27, 2018, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk